# CIRCUIT COURT OF BALTIMORE CITY.

Filed February 16, 1916.

JOSEPH FENSTERWALD
VS.
SELMA R. BURK, TRUSTEE, ETC.

*Samuel Want* for plaintiff.

*E. M. Hammond* for defendant.

DAWKINS, J.—

This case rests upon the meaning of Article 16, Section 235, of the Code of Public General Laws of Maryland, viz:

"In all cases where a trustee has been appointed by will or deed to execute any trust and any person interested in such trust shall make it appear to the Court that it is necessary for the safety of those interested * * * a bond shall be given, or in the event of the failure to give bond the trustee may be removed * * *."

The bill asks the Court to assume jurisdiction of a trust created under a will pending the hearing of the suits for annullment of the marriage of the defendant and the setting aside of the will of the deceased testator and to require the defendant as trustee to give bond for the discharge of her duties as trustee and to restrain her from disbursing any money or property in her capacity as trustee or executrix, etc.

The complainant is a nephew of the deceased, Charles Burk. The defendant is the widow of the said Burk. The complainant's interest must be as a successful litigant in attacking

1. The validity of the marriage of his uncle (which this Court has already determined can not be attacked by such a third party as is this complainant), or

2. By successfully caveating a will in which he is not named.

The Code seems to contemplate an *actual interest* in order for anyone to ask for such relief as is sought in this case.

Moreover, this bill admits that the estate of Charles Burk is still in process of settlement in the Orphans' Court of Baltimore City. There is no reason for it to be taken into this Court. No waste or maladministration is alleged. No reason for this Court to direct the further administration for the purpose of protecting those shown to be *interested* in the estate is given.

Can a party attack a will and at the same time ask the Court to assume jurisdiction of a trust created under the will?

Can some one ask the Court to assume jurisdiction over something that he in effect say does not exist, simply because if he wins his cases to strike down a marriage and a will, there is a resultant trust in his favor?

Can this be done on account of a hostile attitude on the part of the defendant who has been sued in several tribunals by the plaintiff?

The answer to all of these questions would seem to be in the negative.

The interest of this plaintiff is purely a speculative one dependent upon the result of the above-mentioned litigation. At the present moment there is no title at all in the complainant to the matter of which the suit is the subject, nor does he show a right to the same. No such interest or right being shown by the bill itself, the defendant may demur.

The principle here contended for by the defendant is so plainly set out in 63 Md. 520, Sellman vs. Sellman, that further citation would seem unnecessary at this time.

As the fundamental prerequisite for jurisdiction does not exist, the demurrer will be sustained.